April 28,1806.
Bay, J.,
delivered the opinion of himself, Grimke , Waties, and Brevard, Justices. There' was no necessity to- lay the sheriff under a rule. It was his duty to pay over the money. The presumption is, that he kept it wrongfully. Waties, J., said he had changed his opinion on the subject. That he had formerly held, that the sheriff’s sureties were not bound in case the executor’s creditors neglected to rule the sheriff, or otherwise neglected to use diligence to recover the money from the sheriff. But now he thought otherwise, and that creditors were not bound to pursue the sheriff. Brevard, J., said, he would express no opinion how far the evidence of laches on the part of the real plaintiff in an action like this, might avail the defendants, (being the securities of the sheriff) as they had not pleaded specially the nature and circumstances of such defence in the present case, which he though! they ought to have done, in order to avail themselves thereof. That this defence^ if it could be supported, (Would go to defeat the plaintiffs’ right to recover altogether, as to the securities; and, therefore, he conceived it would be improper to allow such evidence to go to the jury upon the submission of the condition of the bond, as on a writ of inquiry, because in such case the special circumstances submitted cannot go to defeat the action, but only to diminish the damages. The ground of his opinion against a new trial was, that there was. evidence before the jury sufficient to authorize them to find against the defendants on the issue joined.
Wilds, J., was of opinion a new trial ought to be granted. That in such a case as the present, one of two innocent persons must *53 sufferand wherever that is the case, the law will throw the loss on him who has been least viligant and attentive. In all contracts there is a reciprocity ; there are reciprocal duties to be performed. He who claims to recover against a sheriff’s securities for the sheriff’s breach of duty, ought to show that he himself has not been negligent of his duty. The sheriff’s failure of duty may be imputed to his want of attention to bis own interest. In the present case, he thought the real plaintiff ought to have proved a demand on the sheriff, and even that he had taken every necessary step to obtain the money from him, before he could make the securities answer, able, and that the defendants were infilled to give all the circumstances of laches in evidence, on the submission of the condition of the bond.
New trial refused.